## JOHN G. MARSHALL *v.* HENRY BENGE, ETC.

Contracts—Construction—Understanding of Parties.

Ordinarily courts will not hear oral evidence as to what parties understood to be the meaning of a written contract, but will look alone to the language used to ascertain the meaning.

**Contracts—Construction—Meaning of Words.**

> Where it is clearly and unmistakably shown that both parties to a contract attached to a word or expression used a meaning different from that ordinarily applied to it, and that to refuse to allow such understanding to control would be to enforce a contract which they did not intend to make, oral evidence is admissible to show what the understanding of the parties was as to the contract.

APPEAL FROM MADISON CIRCUIT COURT.

January 17, 1873.

Opinion by Judge Lindsay:

Appellees' first instruction is irreconcilable with the only instruction given at appellant's instance, and is erroneous and misleading. The writing must be regarded as containing the contract actually made and finally consummated by the parties.

The contract as therein expressed must be taken as the true one, notwithstanding any other different agreement or understanding between the parties before the paper was signed. There is no sufficient allegation of mistake or fraud in reducing the contract to writing, and it must be enforced as written.

Appellees' second instruction is also liable to objection. Ordinarily courts will not hear oral evidence as to what the parties understood to be the meaning of their written contract, but will look alone to the language used, to ascertain that meaning.

If it can be clearly and unmistakably shown that both parties attached to a word or expression used a meaning different from that ordinarily and generally applied to it, and that to refuse to allow their understanding to control would be to enforce between them a contract they neither intended to make nor supposed they had made. The general rule heretofore stated may be relaxed. But in this case, as the application of this exceptional rule of practice will essentially change the legal effect of the contract of leasing as written, this second instruction should have been so framed as not to have withdrawn from the consideration of the jury the testimony conducing to prove that, although Marshall may not have regarded Benge as liable to pay rent accruing thereafter in case the hotel building should be destroyed by fire, he nevertheless expected and intended that he should be bound to him in the same manner and to the same extent that he was bound to his lessor.

We are of opinion that the second instruction is calculated to have this effect.

The numerous instructions asked for by appellant and refused by the court ought not to have been given. His first instruction, which was given, correctly states the law of his case.

For the reasons indicated the judgment is reversed and the cause remanded for a new trial consistent with the principles herein set out.

*Burnam, Chenault,* for appellant.

*Breck, Turner, Smith,* for appellees.